AMERICAN SAMOA GOVERNMENT

v.

MALESALA aka TAULAGA MASANIAI, Defendant

High Court of American Samoa
Trial Division

CR No. 9-87

June 29, 1987

Before REES, Chief Justice, TAUANU'U, Chief
Associate Judge, and AFUOLA, Associate Judge.

Counsel: For the Government, William Wallace,
Assistant Attorney General
For Defendant, Charles Ala'ilima

On Motion to Vacate Judgment:

The prisoner, Malesala Masaniai, was convicted
of Sodomy and Sexual Abuse in the First Degree.
The complaining witness was his seventeen-year-old

daughter. He was sentenced to concurrent terms of five and ten years in the correctional facility, with the sentences suspended on condition that two years actually be served.

About two months after Masaniai's conviction, defense counsel moved for a reduction of sentence and proposed to call the victim as a witness at the hearing on this motion. On the day set for the hearing, defense counsel informed the Court that although the witness had originally been called for the purpose of requesting clemency for her father, counsel had just been informed that she might instead recant the testimony she gave at trial. In this case the defense would request not that the sentence be reduced but that the conviction be vacated. The court continued the matter for two weeks so that both sides could prepare for a hearing on such a motion.

At the hearing, the prisoner's daughter did recant her testimony. The government then recalled one of the witnesses at the trial, a social worker who had been assigned to investigate this and previous allegations of sexual abuse by Mr. Masaniai. This witness reiterated his earlier testimony that Masaniai had admitted performing sexual acts upon his daughter on the pretext of checking to see whether she was a virgin. The social worker also testified that the victim had recently told him of her intention to lie to the Court in order to secure her father's release.

Defense counsel argues that the victim's new testimony must at least induce a reasonable doubt about whether Masaniai committed the crime, and that his conviction must therefore be vacated. Although in light of our factual conclusion it is unnecessary for us to reach this question, we doubt that this is the test to be applied to a motion such as this one. It is one thing to say that the defendant must be acquitted even if the judge or jury believes him to be guilty unless the government has met the extraordinarily difficult burden of proving him guilty beyond a reasonable doubt. It is quite another thing to say that the record of every trial shall remain perpetually open and that the defendant must be set free --- again, even if the judge or jury still believes him guilty --- if at any future moment the accumulation of evidence against the defendant should fall slightly below the formidable standard it once met. The family and friends of every convicted criminal would have a strong incentive to effect changes in

the testimony of every witness and all the time in the world to accomplish this task.

In this case, however, even the application of such a standard would not change the result. Both judges who convicted the prisoner are still convinced beyond a reasonable doubt that he is guilty.

Several factors lead us to this conclusion: First, the testimony of the social worker to which we have already referred, as well as the unrecanted testimony of another witness who testified that Mr. Masaniai had admitted the act to her. Second, the demeanor of the complaining witness, which at trial was that of a witness who was telling the truth and at the recent hearing was that of a witness who was lying in order to protect a loved one. Third, the victim's admission --- after an initial denial that her testimony was induced in any way by her family --- that she had decided to recant after her attempts to be reaccepted as a member of her family had been rebuffed, and that when she went to visit her father in the correctional facility virtually his first words to her were that his fate was in her hands.

The Court has always clearly understood that the victim loves her family and does not wish to punish her father for what he did. We understand and sympathize with her feelings about this, and we admire her willingness to help her father although we cannot condone the means she has chosen. Under the circumstances --- including the seriousness of the crime and Mr. Masaniai's determination to evade its consequences by lying and by getting other family members to lie for him, which effectively eliminated the alternative of family counseling--- the Court concluded that punishment was necessary. The most recent episode bolsters that conclusion.

The motions are denied.